IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 14-cv-01274-WJM-BNB

PAUL TENORIO,

Plaintiff,

v.

SYNCHRONOSS TECHNOLOGIES, INC.,

Defendant.

_____

## ORDER
_____

This matter arises on the following:

(1)  **Plaintiff's Motion to Compel** [Doc. # 33];

(2)  **Plaintiff's Motion to Restrict Access** [Doc. # 35] (the "First Motion to Restrict Access"); and

(3)  **Plaintiff's Motion to Restrict Access** [Doc. # 43] (the "Second Motion to Restrict Access").

The Motion to Compel [Doc. # 33] is GRANTED. The Motions to Restrict Access [Doc. ## 35 and 43] are DENIED.

The plaintiff was employed as an account manager for Synchronoss Technologies, Inc. ("STI"), and its predecessor corporation, SPATIALInfo, Inc. His compensation package included commissions on sales. The plaintiff was terminated from his employment on February 14, 2014, at a time when he alleges that he was working on six sales for which he claims to be due commissions, including sales to Comcast Western Division, Charter

Communications, Mediacom Communications, IMMCO, Construction CAD Solutions, and Click!.

At issue here are two interrogatories and three requests for production. Interrogatory 7 requests the following information:

> 7. With regard to the deal outlined in the Complaint dealing with Comcast, state with specificity if this deal has funded, will fund in the near future, or will not fund at all. If this deal may fund in the future to any extent, please indicate the terms of the present negotiations, and list the names and addresses of all individuals involved in the negotiation process with both Synchronoss and Comcast.

The defendant objected to Interrogatory 7 as "vague and ambiguous as to the term 'deal'" and as calling for speculation. Notwithstanding its objections, the defendant stated that "Comcast has not made a purchase with Synchronoss since Plaintiff's termination of employment." In its Response in Opposition to the Motion to Compel [Doc. # 41], the defendant also argued that the discovery is irrelevant because:

> Under Colorado law, the issue of if and when an employee earns a commission is a matter of contract between the employer and the employee. While the statute has been held in some instances to apply to payments becoming due after the date of discharge, those instances are limited to situations where "future payments have been 'earned,' i.e., they are 'vested and determinable,' at the time of the employee's termination.

Id. at 7 (internal citations omitted).

The parties dispute whether there is a contract between them concerning the payment of commissions. In any event, the defendant's argument based on Colorado law puts the cart before the horse. Whether commissions are owed is the central issue in this case, and the status of the sales underlying the plaintiff's claims is relevant until there is a determination that the

commissions are not owed, which has not occurred.

I disagree that the term "deal" as it is used in Interrogatory 7 is vague--the defendant's Response makes clear that it knows precisely what the interrogatory concerns, and the Complaint clearly describes the sales at issue.

Some, but not all, of Interrogatory 7 calls for speculation. The defendant must "indicate the terms of the present negotiations, and list the names and addresses of all individuals involved in the negotiation process with both Synchronoss and Comcast."

Interrogatory 8 requests:

> 8. Have any other complaints of wrongfully withholding wages of commissions of any kind, whether litigation ensued or not, ever been made by an employee against Defendant? I so, please identify:
>    a. The parties involved;
>    b. The type of action, including case numbers; and
>    c. Determinations relating to the action.

The defendant objected to Interrogatory 8 as "overly broad as to timeframe and scope, unduly burdensome, outside the scope of the pleadings, and not reasonably calculated to lead to the discovery of admissible evidence." Notwithstanding its objections, the defendant stated that "no employees who report to Bill Scheffler or Mark Mendez have made complaints of wrongfully withheld commissions."

The defendant has failed to present any evidence sufficient to carry its burden of establishing that responding to Interrogatory 8 would be unduly burdensome. The duty to pay falls on the employer and not on supervisors, so the defendant's attempt to limit the interrogatory to certain supervisors is misplaced. In addition, section 8-4-109(3)(c), C.R.S., provides for the imposition of a sanction on a showing that the employer's failure to pay is willful, and a pattern of wrongfully withholding commissions, if one can be shown, is relevant to the issue of

willfulness. I agree, however, that Interrogatory 8 is overly broad as to time, and I will limit the inquiry to January 1, 2010, to the present, which generally is the period of time that the plaintiff was employed by STI and its predecessor.

The Requests for Production seek:

> 2. Produce all documents and communications, including but not limited to e-mails, correspondence, telephone calls or documents of any kind between Plaintiff and any representative of the clients listed in the Complaint that pertain to the subject litigation.
>
> 5. For any deals enumerated in the Complaint that form the basis for this lawsuit that have not yet funded, produce all documentation pertaining to the status of said deals, the names and addresses of all individuals involved in the negotiation process to date, and the anticipated date of funding. In the event any deals have been amended or altered to any extent since the Plaintiff's termination, produce all documentation supporting these negotiations and alterations of the deals from the date of the Plaintiff's termination to the present.
>
> 7. Produce all documents and communications, including but not limited to e-mails, correspondence, telephone calls or documents of any kind between any representative of Synchronoss and any of the named clients enumerated in the Complaint that pertain to the subject of this litigation from January 1, 2010 to the present.

The defendant objected to the requests as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, the defendant objected to Production Request 5 because the terms "negotiation process" and "amended or altered" are vague and ambiguous.

I do not agree that the terms of Production Request 5 are vague and ambiguous--they are common words of ordinary meaning. To the extent that there is any uncertainty as to how they are used in the request, it should have been addressed through a conference under D.C.COLO.LCivR 7.1(a).

The status of the sales which the plaintiff claims he negotiated are obviously relevant to the issue of whether he earned a commission. I do not agree that the production requests are overly broad, particularly because they are expressly limited to sales that "pertain to the subject litigation" or are "enumerated in the Complaint that form the basis for this lawsuit." Nor has the defendant presented evidence establishing that responding to the production requests would be unduly burdensome.

Production Request 5 appears to blend the requirements of a request for production with those of an interrogatory. In responding to Production Request 5 the defendant is required only to produce responsive, existing documents and materials in its possession, custody, and control. It is not required to create new documents specifying "the anticipated date of funding" or a list of "the names and addresses of all individuals involved in the negotiation process to date." Of course, if such documents already exist, they must be produced.

Local rule of practice 7.2, D.C.COLO.LCivR, governs restricted access to court filings. It provides in relevant part:

> **(a) Policy.** Unless restricted by statute, rule of civil procedure, or court order, the public shall have access to all documents filed with the court and all court proceedings.
> \* \* \*
> **(c) Motion to Restrict.** A motion to restrict public access shall be open to public inspection and must:
>
> (1) identify the document or the proceeding for which restriction is sought;
>
> (2) address the interest to be protected and why such interest outweighs the presumption of public access **(stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restricted access)**;
>
> (3) identify a clearly defined and serious injury that would result if

>>> access is not restricted;
>
> (4)  explain why no alternative to restricted access is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and
>
> (5)  identify the level of restriction sought.

(Emphasis added.)

The plaintiff has failed to meet the burden established by Rule 7.2. In particular, the only bases relied on in seeking restriction are that the documents "contain[] confidential information" and that "[t]he Court signed a Protective Order . . . concerning the protection of 'Confidential Information' and [the documents] therefore should be file with a Level One Restriction." The conclusory statement that documents contain confidential information fails to "address the interest to be protected and why such interest outweighs the presumption of public access" and to "identify a clearly defined and serious injury that would result if access is not restricted," and the local rule expressly provides that the existence of a protective order, alone, is insufficient to justify restricting access.

IT IS ORDERED:

(1)  Plaintiff's Motion to Compel [Doc. # 33] is GRANTED.

(2)  The defendant shall answer Interrogatories 7 and 8 and produce all documents responsive to Production Requests 2, 5, and 7, as specified above, on or before February 9, 2015.

(3)  The First Motion to Restrict Access [Doc. # 35] and the Second Motion to Restrict Access [Doc. # 43] are DENIED, and Doc. ## 33, 33-1, and 44 shall not be restricted and shall be open to public inspection.

Dated January 28, 2015.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge